NO. 07-09-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 30, 2009

______________________________


JASON EARLE WELLS, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee

_________________________________

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 05-1399-K26; HON. BILLY RAY STUBBLEFIELD, PRESIDING

_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant Jason Earle Wells was placed on deferred adjudication after pleading
guilty in 2006 to the offense of burglary of a habitation. The State sought to have his guilt
adjudicated in September 2007 and again in April 2008. After a hearing, the court revoked
appellant’s probation, adjudicated his guilt, and sentenced him to twelve years
confinement. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that the appeal is without merit. Along with his brief, appellate counsel has
attached a copy of a letter sent to appellant informing him of counsel’s belief that there was
no reversible error and of appellant’s right to file a response or brief pro se. By letter dated 
June 22, 2009, this court also notified appellant of his right to file his own brief or response
and set July 22, 2009, as the deadline to do so. To date, we have received no response. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
several potential areas for appeal. They include 1) whether the trial court was neutral and
detached, 2) whether the State proved by a preponderance of the evidence that appellant
violated one or more conditions of his probation, and 3) whether any error occurred at the
time appellant was first placed on deferred adjudication. Counsel has explained why the
first and third issues lack merit. 
           With respect to the second issue, counsel states that the sufficiency of the
evidence to support the trial court’s decision to adjudicate is not appealable. However, as
the State points out, the same was appealable at the time of the hearing on the motion to
adjudicate in this matter. See Tex. Code Crim. Proc. Ann. art. 42.12 §5(b) (Vernon Supp.
2008). Nevertheless, pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), we have conducted our own review of the record and conclude that the evidence
was sufficient to support one or more violations. Our own review has also failed to reveal
any reversible error. 
          Accordingly, the motion to withdraw is granted, and the judgment is affirmed.



 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.